UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | | |
| THE CITY OF EDINBURGH COUNCIL ON BEHALF OF THE LOTHIAN PENSION FUND, On Behalf of Itself and All Others Similarly Situated, | : : : : : | Civil Action No. 07-cv-09921 <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : : : | MEMORANDUM IN SUPPORT OF THE MOTION OF THE CITY OF EDINBURGH |
| vs. | : : : | COUNCIL ON BEHALF OF THE LOTHIAN PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL |
| VODAFONE GROUP PUBLIC LIMITED COMPANY, et al., | : : : | OF SELECTION OF LEAD COUNSEL |
| Defendants. | : : : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | | |

**TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT ......................................................................................1

II. FACTUAL BACKGROUND............................................................................................2

III. ARGUMENT......................................................................................................................4

    A.    The City of Edinburgh Council Should Be Appointed Lead Plaintiff.....................4

        1.    The Procedure Required by the PSLRA .......................................................4

        2.    The City of Edinburgh Council Satisfies the "Lead Plaintiff"
             Requirements of the Exchange Act...............................................................5

             a.    The City of Edinburgh Council Has Complied with the
                 Exchange Act and Should Be Appointed Lead Plaintiff .................5

             b.    The City of Edinburgh Council Is Precisely the Type of
                 Lead Plaintiff Congress Envisioned When It Passed the
                 PSLRA ..............................................................................................6

             c.    The City of Edinburgh Council Has the Requisite Financial
                 Interest in the Relief Sought by the Class.......................................6

             d.    The City of Edinburgh Council Otherwise Satisfies Rule 23 ..........7

    B.    The Court Should Approve The City of Edinburgh Council's Choice of
        Counsel ......................................................................................................................9

IV. CONCLUSION..................................................................................................................10

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Ferrari v. Impath, Inc.*,
No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898
(S.D.N.Y. July 20, 2004) ...................................................................................1, 8

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ...................................................................5

*In re Enron Corp. Secs. Litig.*,
No. H-01-3624, 2005 U.S. Dist. LEXIS 39867
(S.D. Tex. Dec. 22, 2005) ...............................................................................9

*In re Enron Corp. Sec. Derivative & "ERISA". Litig.*,
No. H-01-3624, 2006 U.S. Dist. LEXIS 43146
(S.D. Tex. June 5, 2006) .................................................................................9

*In re Global Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ...................................................................8

*Lax v. First Merchants Acceptance Corp.*,
No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866
(N.D. Ill. Aug. 11, 1997)................................................................................7

*Rossini v. Ogilvy & Mather, Inc.*,
798 F.2d 590 (2d Cir. 1986)............................................................................7

*Sofran v. Labranche & Co.*,
220 F.R.D. 398 (S.D.N.Y. 2004) ...................................................................8

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)........................................................................................... *passim*

Federal Rules of Civil Procedure
Rule 23 ............................................................................................ *passim*
Rule 23(a).............................................................................................7, 8, 9
Rule 10b-5...............................................................................................1

17 C.F.R.
§240.10b-5 ........................................................................................ *passim*

**Page**

**LEGISLATIVE HISTORY**

Conference Report:
    H.R. Conf. Rep. No. 104-369 (1995),
        reprinted in 1995 U.S.C.C.A.N. 679 .................................................................................6

I.      **PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of the publicly traded securities, including common/ordinary stock and American Depositary Receipts ("ADRs"), of Vodafone Group Public Limited Company ("Vodafone" or the "Company") between June 10, 2004 and February 24, 2006 (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor The City of Edinburgh Council on Behalf of the Lothian Pension Fund ("The City of Edinburgh Council") hereby moves this Court for an Order to: (i) appoint The City of Edinburgh Council as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve The City of Edinburgh Council's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that The City of Edinburgh Council is the most adequate plaintiff, as defined by the PSLRA. The City of Edinburgh Council is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, The City of Edinburgh Council is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

During the Class Period, The City of Edinburgh Council incurred a substantial $3,085,939.27 loss on its transactions in Vodafone securities. *See* Rosenfeld Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, The City of Edinburgh Council, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[2]

During the telecom boom at the turn of the last century, Vodafone grew into one of the world's largest providers of mobile, *i.e.*, wireless, telephone services, with worldwide operations in 28 countries, including in the United States, Germany, Italy and Japan. Vodafone accomplished such rapid growth by spending over $300 billion to make several acquisitions. Vodafone's largest and most notable acquisition was the acquisition of Mannesmann in Germany in 2000 for $170 billion, which at that time was one of the largest acquisitions in business history.

The complaint charges Vodafone and certain of its officers and directors with violations of the Exchange Act. According to the complaint, during the Class Period, defendants issued materially false and misleading statements that misrepresented and failed to disclose that: (i) throughout the Class Period, Vodafone's financial statements and reports were materially falsified and overstated, including the overstatement of its assets and operating earnings due to the over-valuation of its German, Italian and Japanese operations; (ii) Vodafone's Mannesmann (German)

---

[1]    References to the "Rosenfeld Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld, dated January 14, 2008, and submitted herewith.

[2]    These facts are drawn from the allegations in the complaint.

operations had not been successfully integrated into Vodafone's overall operations and were suffering from significant operational problems, inefficiencies and a lack of growth and profitability adequate to permit Vodafone to recover its investment in Mannesmann; (iii) Vodafone's Japanese operations were materially overvalued on Vodafone's financial statements due to the failure to hold or gain sufficient market share so as to permit Vodafone to recover its investment in its Japanese operations; (iv) Vodafone's "One Vodafone" cost savings and operational efficiency initiative was not succeeding or achieving any significant cost savings; and (v) due to the foregoing adverse factors which were negatively impacting Vodafone's operations and financial performance, defendants knew that the levels of financial performance being forecast for Vodafone for fiscal 2006 and fiscal 2007 would not and could not be achieved.

On November 15, 2005, Vodafone stunned the securities markets by revealing that it faced $8.7 billion (£5.1 billion) in cash tax payments over the next few years, as well as lower than previously forecast revenue growth and a decline in EBITDA and profit margin. These revelations caused Vodafone's ordinary and ADR shares to plunge lower – their largest one-day declines in over seven years – falling to as low as £1.26 and $21.90, respectively. However, because defendants did not make full and complete truthful disclosures and continued to make misrepresentations and false and misleading statements, Vodafone's publicly traded securities continued to trade at artificially inflated prices.

On February 27, 2006, Vodafone again shocked the markets by revealing a massive goodwill write-down in the goodwill for Vodafone Germany ("most . . . attributable to Vodafone Germany"), Vodafone Italy and, particularly, Vodafone Japan, "in the range of £23 billion to £28 billion [$40-$50 billion], reflecting a lower view of growth prospects, particularly in the medium to long term, than those it had used previously." One of the largest goodwill asset wipeouts in the history of public

company financial reporting, this would adversely impact Vodafone's "operating" profits and eliminated – in one day – 25% of Vodafone's equity base.

The revelations of November 15, 2005, which indicated that Vodafone's European operations were more troubled than had previously been revealed, were compounded on February 27, 2006, when Vodafone revealed a $49 billion asset write-down due to the impaired value of its German (Mannesmann), Italian and Japanese operations.  This led to a further decline in Vodafone's ADRs to $19.51 per share and a decline in its ordinary shares to £1.09 per share.  After the end of the Class Period, Vodafone admitted it had "a lower view of growth prospects, particularly in the medium to long term."

## III.    ARGUMENT

### A.    The City of Edinburgh Council Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff caused the notice regarding the pendency of this Action to be published on *Business Wire*, a national, business-oriented newswire service, on November 15, 2007.  *See* Rosenfeld Decl., Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court

shall consider any motion made by a class member and shall appoint as lead plaintiff the member or

members of the class who the Court determines to be most capable of adequately representing the

interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate

plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D.

Mass. 1996).

### 2.    The City of Edinburgh Council Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a.    The City of Edinburgh Council Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein

under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on January 14, 2008.  Pursuant to the provisions of

the PSLRA and within the requisite time frame after publication of the required notice on November

15, 2007, The City of Edinburgh Council timely moves this Court to be appointed Lead Plaintiff on

behalf of all members of the class.

The City of Edinburgh Council has duly signed and filed a certification stating that it is

willing to serve as a representative party on behalf of the class.  *See* Rosenfeld Decl., Ex. C.  In

addition, The City of Edinburgh Council has selected and retained competent counsel to represent

itself and the class.  *See* Rosenfeld Decl., Ex. D.  Accordingly, The City of Edinburgh Council has

satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its

application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth

herein, considered and approved by the Court.

> **b.     The City of Edinburgh Council Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large,

organized institutional investors to play a more prominent role in securities class actions.  *See* H.R.

Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference

Committee believes that increasing the role of institutional investors in class actions will ultimately

benefit shareholders and assist courts by improving the quality of representation in securities class

actions.").

Congress reasoned that increasing the role of institutional investors, who typically have a

large financial stake in the outcome of the litigation, would be beneficial because institutional

investors with a large financial stake are more apt to effectively manage complex securities

litigation.  The City of Edinburgh Council, as an institutional investor, is precisely the type of Lead

Plaintiff Congress envisioned when it passed the PSLRA.  *See id.*

> **c.     The City of Edinburgh Council Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed

certification, *see* Rosenfeld Decl., Ex. C, The City of Edinburgh Council incurred a substantial

$3,085,939.27 loss on its transactions in Vodafone securities.  *See* Rosenfeld Decl., Ex. B.  The City

of Edinburgh Council thus has a significant financial interest in this case.  Therefore, The City of

Edinburgh Council satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.    The City of Edinburgh Council Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997).  The City of Edinburgh Council satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be

- 7 -

no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

The City of Edinburgh Council satisfies this requirement because, just like all other class members, it: (1) purchased Vodafone securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, The City of Edinburgh Council's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of The City of Edinburgh Council to represent the class to the existence of any conflicts between the interest of The City of Edinburgh Council and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 452 (S.D.N.Y. 2004).

Here, The City of Edinburgh Council is an adequate representative of the class. As evidenced by the injuries suffered by The City of Edinburgh Council, the interests of The City of Edinburgh Council are clearly aligned with the members of the class, and there is no evidence of any

antagonism between The City of Edinburgh Council's interests and those of the other members of

the class. Further, The City of Edinburgh Council has taken significant steps which demonstrate it

will protect the interests of the class: it has retained competent and experienced counsel to prosecute

these claims. In addition, as shown below, The City of Edinburgh Council's proposed Lead Counsel

is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Thus, The City of Edinburgh Council *prima facie* satisfies the commonality, typicality and adequacy

requirements of Rule 23 for the purposes of this motion.

      **B.**      **The Court Should Approve The City of Edinburgh Council's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court

approval, select and retain counsel to represent the class he seeks to represent. In that regard, The

City of Edinburgh Council has selected the law firm of Coughlin Stoia as Lead Counsel, a firm

which has substantial experience in the prosecution of shareholder and securities class actions,

including serving as lead counsel in *In re Enron Corp. Secs. Litig.*, No. H-01-3624, 2005 U.S. Dist.

LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date

which represent the largest recovery ever obtained in a shareholder class action. *See* Rosenfeld

Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146,

at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve The City of Edinburgh Council's selection of

counsel.

## IV.    CONCLUSION

For all the foregoing reasons, The City of Edinburgh Council respectfully requests that the

Court: (i) appoint The City of Edinburgh Council as Lead Plaintiff in the Action; (ii) approve its

selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem

just and proper.

DATED:  January 14, 2008                          COUGHLIN STOIA GELLER
                                                    RUDMAN & ROBBINS LLP
                                                  SAMUEL H. RUDMAN
                                                  DAVID A. ROSENFELD


                                                          */s/ David A. Rosenfeld*
                                                        DAVID A. ROSENFELD

                                                  58 South Service Road, Suite 200
                                                  Melville, NY  11747
                                                  Telephone:  631/367-7100
                                                  631/367-1173 (fax)

                                                  *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on January 14, 2008, I caused a true and

correct copy of the attached:

Notice of Motion for Appointment as Lead Plaintiff and for Approval of Selection
of Lead Counsel;

Memorandum in Support of the Motion of the City of Edinburgh Council on
Behalf of the Lothian Pension Fund for Appointment as Lead Plaintiff and for
Approval of Selection of Lead Counsel; and

Declaration of David A. Rosenfeld in Support of the Motion of the City of
Edinburgh Council on Behalf of the Lothian Pension Fund for Appointment as
Lead Plaintiff and for Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to any additional counsel.


                                                    */s/ David A. Rosenfeld*
                                                        David A. Rosenfeld

VODAFONE 07

Service List - 1/10/2008     (07-0242)

Page 1 of  1

## Counsel For Defendant(s)

Theodore  Edelman

Sullivan & Cromwell LLP

125 Broad Street

New York, NY  10004-2498

   212/558-4000

   212/558-3588 (Fax)


## Counsel For Plaintiff(s)

Samuel H. Rudman

David A. Rosenfeld

Coughlin Stoia Geller Rudman & Robbins LLP

58 South Service Road, Suite 200

Melville, NY  11747

   631/367-7100

   631/367-1173 (Fax)