

**COUGHLIN STOIA GELLER RUDMAN & ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
LOS ANGELES · PHILADELPHIA

David A. Rosenfeld
DRosenfeld@csgrr.com

July 7, 2008

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

VIA FACSIMILE

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

> Re: *The City of Edinburgh council on Behalf of the Lothian Pension fund vs. Vodafone Group Public Limited Company, et al.* Case No. 07-cv-09921

Dear Judge Castel:

We represent Lead Plaintiff in the above-referenced action and write to request a pre-motion/status conference with the Court to discuss, among other things, the filing of a motion for leave to file a Second Amended Complaint ("SAC").

By way of background, this case is a securities class action on behalf of purchasers of Vodafone Group Public Limited Company publicly traded securities. An amended complaint was filed on this action on March 26, 2008 and an initial pretrial conference was held on April 4, 2008. At the initial pretrial conference, the Court directed the parties to submit letters setting forth their arguments with respect to Defendants' anticipated motion to dismiss the amended complaint. The Court also encouraged the parties to attempt to resolve their claims before a mediator.

At the time that Lead Plaintiff submitted its response to Defendants' letter, it expressed its reluctance to further amend its complaint. *See* Letter to the Hon. P. Kevin Castel, dated May 2, 2008 ("As Defendants have not provided sufficient detail in their Letter to warrant an amendment at this time, Lead Plaintiff believes that the Complaint will survive a motion to dismiss"). However, Lead Plaintiff specifically reserved its right to seek an opportunity to amend after the filing of the actual motion to dismiss. *See id.* ("Nevertheless, Lead Plaintiff respectfully reserves its rights to seek leave to amend the Complaint after a motion to dismiss with further detail is filed or an Order is entered granting a motion to dismiss").

On June 6, 2008, Defendants filed their motion to dismiss the amended complaint (the "Motion"). After reviewing the Motion, Lead Plaintiff still believes that its amended complaint will be sustained. However, in an effort to narrow the issues raised by the Motion, especially since the parties intend to participate in a mediation before the Court rules on the Motion, Lead Plaintiff respectfully requests leave to file a SAC. Lead Plaintiff also respectfully requests that the Court vacate the scheduling Order dated May 5, 2008, which provided

**COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**

Honorable P. Kevin Castel
July 7, 2008
Page 2

deadlines for the filing of an opposition to the motion to dismiss, a reply brief, and a date for scheduling a mediation.

Counsel for Lead Plaintiff has spoken with counsel for Defendants, who indicated that Defendants do not oppose, in principle, the filing of a further amended complaint, if that pleading would cure what Defendants consider to be legal deficiencies requiring dismissal of the claims asserted in this action. Defendants further indicated that they believe that the filing of a SAC would result in further unnecessary motion practice if that amendment does not address the issues that Defendants raised in their pending dismissal motion; and that Defendants wish to avoid the burdens and expense of filing another motion that raises the same or similar issues as those raised in the pending motion. As a result, Defendants indicated that they believe that the parties should endeavor to discuss with the Court the elements of Plaintiff's contemplated amendment prior to the Court's ruling on Plaintiff's proposed motion for leave to file the SAC.

Accordingly, both Plaintiff and Defendants request that the Court schedule a pre-motion conference to discuss the outlines of Plaintiff's contemplated amendment, as well as a schedule for the filing of a SAC, if the Court decides to permit such an amendment, and for further proceedings in this action.

Respectfully submitted,

David A. Rosenfeld

DAR:dc

cc: Theodore Edelman (via facsimile)

---

*[Handwritten annotations by the Court:]*

[Plaintiff would] like to amend. It notes that it purported in its letter of May 2 to reserve that right. This Court has a very different view. Plaintiff was afforded a generous opportunity to amend. It declined. No rule of law permits a party to peruse a motion and then decide whether to respond to the motion or amend. Plaintiff's proposal would [only] encourage wasteful practice. Application denied. Plaintiff may have until July 18 to respond and defendants may have until August 14 to reply. SO ORDERED.

[signature] USDJ 7-11-08

[circled annotation:] after a review of defendants' pre-motion letter describing the basis for the proposed motion

[circled annotation at bottom:] This action was commenced on November 9, 2007. An Amended Complaint was filed on March 26, 2008. When the defendant raised the prospects of a motion to dismiss the Amended Complaint, this Court invited plaintiff to consider amending its pleading. Plaintiff declined. In the Order of May 5 this Court wrote: "Plaintiff does not wish to amend its pleading prior to any motion to dismiss, a factor which will be taken into account in deciding whether leave to replead should be granted in the event defendants' motion were found to be meritorious." So I set a briefing schedule on the motion. Defendants have filed their motion. Without explaining what it learned from the motion that it did not know before, plaintiff now has decided it would [like to amend]...