

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-9-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE CITY OF EDINBURGH COUNCIL ON
BEHALF OF THE LOTHIAN PENSION FUND,
On Behalf of Itself and All Others Similarly
Situated,

                    Plaintiff,                    07 Civ. 9921 (PKC)

        -against-

                                       MEMORANDUM
                                       AND ORDER ON
                                       RECONSIDERATION

VODAFONE GROUP PUBLIC LIMITED
COMPANY, KENNETH J. HYDON, ALAN P.
HARPER, LORD IAN MACLAURIN OF
KNEBWORTH and ARUN SARIN,

                    Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiffs move for reconsideration of my November 24, 2008 Memorandum and Order in this purported securities fraud class action. City of Edinburgh Council ex rel. Lothian Pension Fund v. Vodafone Group Public Limited Co., 2008 WL 5062669 (S.D.N.Y. Nov. 24, 2008). The Memorandum and Order of November 24 granted the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. It concluded that the complaint failed to satisfy the jurisdictional "conduct test" of Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167 (2d Cir. 2008), as to a non-United States plaintiff bringing securities fraud claims over allegedly fraudulent conduct that occurred outside of the United States. The decision was directed exclusively toward subject matter jurisdiction over the claims of plaintiff The City of Edinburgh Council on Behalf of the Lothian Pension Fund

Case 1:07-cv-09921-PKC   Document 42   Filed 04/09/09   Page 2 of 3

- 2 -

("Lothian") and did not address the defendants' motion to dismiss pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(A) (the "PSLRA"), and Rules 9(b) and 12(b)(6), Fed. R. Civ. P.

Plaintiffs have moved for reconsideration under Local Rule 6.3 and Rules 59(e) and 60(b), Fed. R. Civ. P. They point out that shortly before the motion to dismiss was filed, Sterling Heights Police & Fire Retirement System ("Sterling Heights") was added as a plaintiff through a joint stipulation signed by counsel, approved by the Court and filed on May 27, 2008. (Docket # 25.) Plaintiffs' counsel had stated to the Court that Sterling Heights would be added "as an additional plaintiff to address any perceived concerns about [Lothian's] ability to represent the entire Class at this juncture in the litigation." (Pl. Letter May 2, 2008 at 3 n.2.)

This Court's ruling that it lacked subject matter jurisdiction over the entire action overlooked Sterling Heights's status as a plaintiff. A motion for reconsideration may be granted when the moving party points to a matter that was overlooked by the court, or if there is a need to correct a clear error. See, e.g., Dauphin v. Chestnut Ridge Transportation, Inc., 2008 WL 2796583, at *1 (S.D.N.Y. July 15, 2008). In this instance, reconsideration is warranted.

Plaintiffs' motion to reconsider is granted to the extent that the Memorandum and Order of November 24 dismissed the action in full, but denied to the extent that it seeks to vacate the Memorandum and Order's dismissal of Lothian. I will address plaintiffs' argument that this Court should exercise supplemental jurisdiction over Lothian's claims as part of a future memorandum and order considering the motion to dismiss Sterling Heights's claims under the PSLRA and Rules 9(b) and 12(b)(6). The

Clerk is directed to re-open the case.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 9, 2009